## GERMAN FIRE INSURANCE COMPANY
## v.
## CHARLES VON GUNTEN.

1. INSURANCE—PROOF OF LOSS.—Where the amount insured, $1,000, was the limit of recovery, and the undertaking of the insurer was to make good all loss or damage occasioned by fire up to that sum and an important and contested question of fact was as to the amount of the loss. *Held*, that an instruction " if the jury find from the evidence that the plaintiff is entitled to recover, they should find the plaintiff's damages at the amount of the policy, $1,000, unless the preponderance of the testimony shows that the value of the property destroyed was less than that sum," was erroneous. It was incumbent upon the plaintiff to aver and prove the extent of his loss.

2. INSTRUCTIONS.—A jury were instructed that " they should be governed by the testimony of each witness as in the opinion of the jury has the best knowledge of what the property was worth." *Held*, that this was improper, for the witness who has " the best knowledge" is not always entitled to the most credit.

ERROR to the Circuit Court of Richland county; the Hon. WILLIAM C. JONES, Judge, presiding.   Opinion filed October 10, 1883.

Messrs. WILSON & HUTCHINSON, for plaintiff in error; that a warranty must be strictly true whether material to the risk or not, cited Wood on Fire Ins., §§ 178, 179, 196, 199; Bulkley v. Protection Ins. Co.

An instruction requiring the jury to be governed by certain witnesses merely because they are best informed, was improper: Frame v. Badger, 79 Ill. 441; T. W. & W. R'y Co. v. Brooks, 81 Ill. 245.

Messrs. ALLEN & FRITCHEY and Messrs. ROBINSON & WITCHER, for defendant in error.

WALL, P. J.   This was an action upon a policy of insurance against loss by fire.   An important and contested question of fact was as to the amount of the loss.   At the instance of the plaintiff the court gave the following instruction: " If the jury find from the evidence that the plaintiff is entitled to recover, they should find the plaintiff's damages at the amount of the policy, $1,000, unless the preponderance of the testimony shows that the value of the property destroyed was less than that sum."

Upon a careful examination of the contract of insurance, we find nothing to warrant this position.   The amount named, $1,000, is the limit of recovery, and the undertaking of the insurer was to make good all loss or damage occasioned by fire up to that sum, but it was incumbent upon the plaintiff to aver and prove the extent of his loss.   The fact that this sum was fixed as the limit, and that the property was wholly destroyed, might well be considered in arriving at a conclusion as to the amount of loss, yet these are but circumstances to be given such weight only as they are entitled to in connection with all the other proof before the jury.

The *onus* is on the plaintiff.   It was error to thus advise the jury, and in view of the evidence, conflicting as it was, we think this instruction must have operated prejudicially to the rights of the defendant.

Objection is made also to the following instruction given at the instance of the plaintiff: " In determining the value of the property destroyed, the jury should be governed by the testimony of each witness as in the opinion of the jury have the best knowledge of what the property was worth."

The main considerations to be taken into account in weighing the testimony of a witness are, his intelligence, his means of knowledge, his honesty, his fairness, his interest in the result, and regarding them we often find that the witness who has " the best knowledge," is by no means entitled to the most credit.

Possibly in view of the character and manner of the witnesses in the present case, no particular harm was done by this instruction, but upon another trial it should be modified as indicated.

The judgment is reversed and the cause remanded.

Reversed and remanded.